IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR SHAWN SHAHEED,                  )<br>                                                              )<br>                        Plaintiff,              )<br>                                                              )<br>        v.                                               )   Civil Action No. 23-1120<br>                                                              )<br>ONIKA TANYA MARAJ PETTY and )<br>ISIS NAIJA GASTON,                         )<br>                                                              )<br>                        Defendants.         ) | |

### MEMORANDUM ORDER

Presently before the Court is *pro se* Plaintiff Omar Shawn Shaheed's Motion to Proceed In Forma Pauperis filed on June 20, 2023, (Docket No. 1), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket No. 1-1). After reviewing Plaintiff's IFP Motion, the Court finds that he is without sufficient funds to pay the required filing fee. Thus, Plaintiff will be granted leave to proceed in forma pauperis.

Turning to Plaintiff's Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). In analyzing whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To that end, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009), and also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The well-pleaded facts are accepted as true, but legal conclusions may be disregarded.  *Id.* at 210-11.  Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' "  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint and employs less stringent standards than when judging the work product of an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

A review of Plaintiff's Complaint indicates that he purports to allege a copyright infringement claim against the Defendants.[1]  (*See* Docket No. 1-1).  Despite same, the "Facts" section of the Complaint is entirely blank, (*see id.* at 1), and the Complaint otherwise contains no

---

[1]   This is verified by Plaintiff's statement on the accompanying Civil Cover Sheet that he "want[s] to sue [Defendants] for copyright infringement."  (Docket No. 1-1 at 4).

   The Court additionally notes that Plaintiff recently attempted to pursue a copyright infringement claim against the same Defendants in Civil Action No. 23-808.  In that case, the Court found that Plaintiff failed to plausibly allege a copyright infringement claim, and dismissed his Complaint without prejudice to amendment to the extent he could state a plausible claim for relief.  Plaintiff subsequently filed an Amended Complaint which still failed to plausibly allege a copyright infringement claim, and the Court concluded that it would be futile to allow another amendment.  Consequently, the Court dismissed Plaintiff's Amended Complaint with prejudice and closed the case at Civil Action No. 23-808.  Plaintiff now seeks another bite at the apple by attempting to assert a copyright infringement claim in this case, yet alleges absolutely no facts to plausibly allege any such claim as explained herein.

allegations to plausibly allege a copyright infringement claim. In order to state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *see also Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). Plaintiff's Complaint is devoid of any such allegations. As stated, Plaintiff's Complaint contains no factual allegations whatsoever. (*See* Docket No. 1-1 at 1).

In sum, as currently pled, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted, and therefore the Complaint will be dismissed without prejudice to Plaintiff filing an Amended Complaint to the extent that he is able to state a plausible claim for relief. *See e.g., Duglas v. Kamper*, Civ. No. 19-3010, 2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019) (after granting in forma pauperis status, the Court "must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction.") (citing 28 U.S.C. § 1915(e)(2)(B)); *Spell v. Allegheny Cty. Admin.*, Civ. No. 14-1403, 2015 WL 1321695, at *7 (W.D. Pa. Mar. 24, 2015) (permitting amendment by *pro se* plaintiff where "the facts alleged [in the complaint] are simply too vague, and the theories of liability too poorly articulated" for the Court "to determine whether allowing [him] to amend . . . would be futile").

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 21st day of June, 2023, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) is GRANTED;

3

(2) Plaintiff's Complaint (Docket No. 1-1) is DISMISSED WITHOUT PREJUDICE to amendment by Plaintiff to the extent that he is able to state a plausible claim for relief; and,

(3) To the extent Plaintiff wishes to file an Amended Complaint, he must do so by July 7, 2023. If Plaintiff fails to file an Amended Complaint by July 7, 2023, the case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:    Omar Shawn Shaheed (via U.S. mail)
       620 Sixth Street, Apt. 1003
       Braddock, PA 15104