IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR SHAWN SHAHEED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-1120 |
| | ) |
| ONIKA TANYA MARAJ PETTY and | ) |
| ISIS NAIJA GASTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

*Pro se* Plaintiff Omar Shawn Shaheed previously filed a Motion to Proceed In Forma Pauperis, along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket Nos. 1, 1-1). After reviewing Plaintiff's IFP Motion, the Court entered a Memorandum Order on June 21, 2023, finding that he was without sufficient funds to pay the required filing fee and granting him leave to proceed in forma pauperis. (Docket No. 2 at 1). As to Plaintiff's proposed Complaint, the Court found that the Complaint, as pled, failed to state a claim on which relief may be granted, and dismissed the Complaint without prejudice to Plaintiff filing an Amended Complaint to the extent that he could state a plausible claim for relief. (*Id.* at 3). To the extent Plaintiff wished to file an Amended Complaint, he was ordered to do so by July 7, 2023, or the case would be closed. (*Id.* at 4). On June 28 and 29, 2023, Plaintiff filed an Amended Complaint and a Supplement thereto. (Docket Nos. 5, 6).

Turning to Plaintiff's Amended Complaint and Supplement, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655,

1

659 (3d Cir. 2019). In analyzing whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To that end, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Amended Complaint and Supplement and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

A review of Plaintiff's Amended Complaint and Supplement indicates that he once again purports to allege a copyright infringement claim against Defendants. (*See* Docket Nos. 5, 6). Plaintiff alleges that Defendants "made a derivative using [his] original copyrighted poem Money Sprinters Printers Car Wash O Shawn Shaheed on their new song Princess Diana;" that his poem is registered with the copyright office; and that he wants to be paid earnings from Defendants' song because they made a derivative. (Docket No. 5). Plaintiff's Supplement appears to suggest that the phrase "keep it a stack" appears in his poem, and he listed 7 times when the phrase supposedly appears in Defendants' song. (Docket No. 6). Plaintiff's Supplement also includes what appears to be a copyright registration for a poem entitled, "Money sprinters printers car wash o Shawn shaheed." (Docket No. 6-1).

Plaintiff's allegations in his Amended Complaint and Supplement are insufficient to plausibly allege a copyright infringement claim. In order to state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); see also *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). "To satisfy that second element, the plaintiff must supply plausible allegations of fact 'showing not only that the defendant had access to a copyrighted work, but also that there are substantial similarities' between the original work and the one purportedly produced via plagiarism." *Frazier v. City of Philadelphia*, 778 F. App'x 156, 158-59 (3d Cir. 2019) (quoting *Dam Things from Denmark, a/k/a Troll Co. ApS v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 561 (3d Cir. 2002)).

Applying the liberal construction afforded to *pro se* litigants, the allegations in Plaintiff's Amended Complaint and Supplement do not plausibly allege a copyright infringement claim.

3

Even assuming that Plaintiff has a registered copyright for a poem entitled, "Money sprinters printers car wash o Shawn shaheed," he has failed to allege the second element of a copyright infringement claim.  To that end, his Amended Complaint and Supplement do not contain plausible allegations showing that Defendants had access to his copyrighted poem, and that there are substantial similarities between his poem and their song.  At best, Plaintiff's Amended Complaint and Supplement, which are extremely vague and difficult to decipher, suggest that the phrase "keep it a stack" appears in his poem and Defendants' song.  To reiterate, a threadbare recitation of the elements of a copyright infringement claim will not suffice; rather, the allegations must set forth facts and they must be plausible.  Overall, Plaintiff's Amended Complaint and Supplement do not allege facts sufficient to show that he has a plausible copyright infringement claim.

For the foregoing reasons, Plaintiff's purported copyright infringement claim is deficient, and the Court concludes that it would be futile to allow another amendment.  It is well established that "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them."  *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002).  Here, the Court not only previously gave Plaintiff an opportunity to amend his original Complaint, but also explained that his copyright infringement claim was deficient because it failed to allege the requisite elements of such a claim.  (*See* Docket No. 2 at 2-3).  Plaintiff's Amended Complaint and Supplement fail to cure the deficiencies that necessitated dismissal of the original Complaint.  Therefore, affording Plaintiff another opportunity to amend his claim would be futile.[1]

---

[1] The futility of another amendment is further shown by Plaintiff's recent prior attempt to pursue a copyright infringement claim against the same Defendants in Civil Action No. 23-808.  In that case, the Court found that Plaintiff failed to plausibly allege a copyright infringement claim, and dismissed his Complaint without prejudice to amendment to the extent he could state a plausible claim for relief.  Plaintiff subsequently filed an Amended Complaint which still failed to plausibly allege a copyright infringement claim, and the Court concluded that it would be futile to allow another amendment. Consequently, the Court dismissed Plaintiff's Amended Complaint with prejudice and closed the case at Civil Action No. 23-808.  Plaintiff then sought another bite at the apple by attempting to re-assert a

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 17th day of July, 2023, IT IS HEREBY ORDERED that Plaintiff's Amended Complaint and Supplement thereto, (Docket Nos. 5, 6), are DISMISSED WITH PREJUDICE.

The Clerk of Court shall mark this case closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:      Omar Shawn Shaheed (via U.S. mail)
         620 Sixth Street
         Apt. 1003
         Braddock, PA 15104

---

copyright infringement claim against the same Defendants in this case. Despite having had two more opportunities to do so here, Plaintiff still has failed to plausibly allege any such claim. Under these circumstances, affording Plaintiff another opportunity to amend is unwarranted.