IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR SHAWN SHAHEED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-1120 |
| | ) |
| ONIKA TANYA MARAJ PETTY and | ) |
| ISIS NAIJA GASTON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Presently before the Court is *pro se* Plaintiff Omar Shawn Shaheed's Motion for Reconsideration, (Docket No. 14), wherein he requests that the Court reconsider its Memorandum Order entered on July 17, 2023 dismissing his Amended Complaint and Supplement thereto with prejudice and closing this case (the "Memorandum Order"), (*see* Docket No. 8), and permit him to file a proposed second Amended Complaint which accompanied his Motion. (*See* Docket No. 15). In requesting reconsideration, Plaintiff submits that he now has a better understanding why his prior complaints were insufficient, and he highlights "important facts" that he believes support his copyright infringement claim. (Docket No. 14). For reasons that follow, Plaintiff's request for reconsideration will be denied.

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (citation omitted). Therefore, the Court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that

1

was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In sum, "[m]otions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and decided by the Court." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 743–44 (E.D. Pa. 2007) (citation omitted).

In this instance, Plaintiff has failed to meet his burden to demonstrate that the Court should reconsider its Memorandum Order because he has not pointed to any intervening change in the controlling law, new evidence that was not available at the time of the decision, or a clear error of law or fact creating a manifest injustice.[1] Despite Plaintiff's reference to "important facts" that he believes support his copyright infringement claim, (*i.e.*, that he posted a video on YouTube in 2015 depicting himself reciting the poem that he believes was copied, and that he posted the video on Instagram in July 2022 and tagged one of the Defendants), (*see* Docket No. 14), those facts predated the filing of his original Complaint and Amended Complaint in this matter, and thus were previously available to him to the extent he believed they support his claim as he now asserts.[2] In

---

[1] Although the Court liberally construes Plaintiff's Motion for Reconsideration given that he is proceeding *pro se*, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court additionally notes that his Motion was not timely filed. Pursuant to ¶ II.D(7) of this Court's Practices and Procedures, (available at https://www.pawd.uscourts.gov/sites/pawd/files/Practices_Procedures_Judge_Hardy_10_21.pdf), a motion for reconsideration must be filed within seven (7) days of the order at issue. In this case, the Memorandum Order was entered on July 17, 2023, and Plaintiff did not mail his Motion for Reconsideration until August 2, 2023, as shown by the postmark on the accompanying envelope, (*see* Docket No. 14-1), which then was received and filed by the Clerk's Office on August 4, 2023.

[2] Additional context is important. Prior to this case, Plaintiff recently attempted to pursue a copyright infringement claim against the same Defendants in Civil Action No. 23-808. In that case, the Court found that Plaintiff failed to plausibly allege a copyright infringement claim, and dismissed his Complaint without prejudice to amendment to the extent he could state a plausible claim for relief. Plaintiff subsequently filed an Amended Complaint which still failed to plausibly allege a copyright infringement claim, and the Court concluded that it would be futile to allow another amendment. Consequently, the Court dismissed Plaintiff's Amended Complaint with prejudice and closed the case at Civil Action No. 23-808. Plaintiff then sought another bite at the apple by attempting to re-assert a copyright infringement claim against the same Defendants in this case. Despite having previously been alerted to the deficiencies of his copyright infringement claim in his first case and again here when he filed his original Complaint, Plaintiff did not correct those deficiencies when he filed his Amended Complaint and Supplement thereto and only

summary, Plaintiff has not established that reconsideration of the Memorandum Order is warranted.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 15th day of August, 2023, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration, (Docket No. 14), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:   Omar Shawn Shaheed (via U.S. mail)
      620 Sixth Street
      Apt. 1003
      Braddock, PA 15104

---

now belatedly claims to have "important facts" to support his claim. As discussed above, those alleged "important facts" were previously available to Plaintiff. With that said, however, the Court is not persuaded that Plaintiff's alleged "important facts" suffice to plausibly allege a copyright infringement claim for reasons previously expressed in the Court's Memorandum Order.